# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH D. GOUKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN,[1] ) <br> **Acting Commissioner of Social Security,** ) <br> ) <br> Defendant. ) <br> _____ ) | **CIVIL ACTION** <br><br> No. 12-2415-JWL |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Commissioner's evaluation of the medical opinions, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.     Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSD, alleging disability beginning December 18, 2003. (R. 22, 83-85, 904).[2] In due course, Plaintiff exhausted extensive proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He alleges the Administrative Law Judge (ALJ) erred in evaluating the opinions of Plaintiff's health care providers and of other medical professionals; failed to appropriately consider Plaintiff's impairments which were not severe when assessing residual functional capacity (RFC); failed to consider the disability determination made by the Veterans Administration (VA); and failed to ascertain whether the representative jobs testified by the vocational expert (VE) were within the RFC assessed.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind

---

[2]Plaintiff's application alleges disability beginning January 19, 2002, but he amended the alleged onset date to December 18, 2003 at his first ALJ hearing. Compare R. 83, with R. 904.

2

might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner

assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erroneously evaluated the opinion evidence of the medical sources.  Because remand is necessary for further proceedings, the court need not consider Plaintiff's allegations of error regarding consideration of the non-severe impairments, of the VA disability determination, or of the representative jobs.  Plaintiff may make his arguments in that regard to the Commissioner on remand.

## II.     Evaluation of the Opinion Evidence from the Medical Sources

Plaintiff claims the ALJ erred by failing to explain the weight accorded to the medical source opinions[3] of Dr. Robender, Dr. Neufeld, Dr. Schemmel, Dr. Oommen, Dr. Schulman, Dr. Halfaker, and Ms. Hardage, LSCSW; and further erred by according improper weight to the medical source opinions of Dr. McWoods, Dr. Sand, Dr. Noland, and Ms. Tolliver, P.T.  The Commissioner argues that the ALJ properly considered all of the medical source opinions, explained the bases for the RFC limitations assessed, and gave Plaintiff the benefit of the doubt with regard to several limitations.

A.      **Standard for Evaluating Medical Opinions**

Medical opinions may not be ignored and, unless a treating source opinion is given controlling weight, <u>all</u> medical opinions will be evaluated in accordance with factors contained in the regulations.  20 C.F.R. § 404.1527(d); SSR 96-5p, West's Soc. Sec.

---

[3]The court uses the term "medical source opinions" distinctly from the term "medical opinions" because it includes in its general discussion the opinions of a Licensed Specialist Clinical Social Worker (LSCSW), Ms. Hardage, and a Physical Therapist (P.T.), Ms. Tolliver.  Such healthcare providers are not "acceptable medical sources" within the meaning of the regulations, and consequently their opinions are not technically "medical opinions."  Social Security Ruling (SSR) 06-3p, West's Soc. Sec. Reporting Serv., Rulings 330-31 (Supp. 2013).  Nevertheless, their opinions should be evaluated using the regulatory factors for evaluating medical opinions.  Id. at 331-32 (citing 20 C.F.R. §§ 404.1527, 416.927).  "[A]nd after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source."  Id. at 332.  The ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the . . . decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."  Id. at 333; see also, Frantz v. Astrue, 509 F.3d 1299, 1300 (10th Cir. 2007) (remanding for consideration of a nurse-practitioner's opinion in light of SSR 06-3p).

5

Reporting Serv., Rulings 123-24 (Supp. 2013). Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. § 404.1527(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).

A physician who has treated a patient frequently over an extended period of time (a treating source)[4] is expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular weight." Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003). But, "the opinion of an examining physician [(a nontreating source)] who only saw the claimant once is not entitled to the sort of

---

[4]The regulations define three types of "acceptable medical sources:"

"Treating source:" an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship. 20 C.F.R. §§ 404.1502, 416.902.
"Nontreating source:" an "acceptable medical source" who has examined the claimant, but never had a treatment relationship. Id.
"Nonexamining source:" an "acceptable medical source" who has not examined the claimant, but provides a medical opinion. Id.

deferential treatment accorded to a treating physician's opinion." Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)). However, opinions of non-treating sources are generally given more weight than the opinions of non-examining sources who have merely reviewed the medical record. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983), Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982), and Wier ex rel. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984)).

"If [the Commissioner] find[s] that a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) [(1)] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and [(2)] is not inconsistent with the other substantial evidence in [claimant's] case record, [the Commissioner] will give it controlling weight." 20 C.F.R. § 404.1527(d)(2); see also, SSR 96-2p, West's Soc. Sec. Reporting Serv., Rulings 111-15 (Supp. 2013) ("Giving Controlling Weight to Treating Source Medical Opinions").

The Tenth Circuit has explained the nature of the inquiry regarding a treating source's medical opinion. Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citing SSR 96-2p). The ALJ first determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" Id. at 1300 (quoting SSR 96-2p). If the opinion is well-supported, the ALJ must confirm that the opinion is also consistent with other substantial evidence in the record. Id. "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

However, even if the treating source opinion is not given controlling weight, the inquiry does not end. Id. A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id.

After considering the regulatory factors, the ALJ must give reasons in the decision for the weight he gives the treating source opinion. Id. 350 F.3d at 1301. The court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300). "Finally, if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so." Watkins, 350 F.3d at 1301 (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

**B.     Analysis**

Much of Plaintiff's argument with regard to evaluation of the medical source opinions simply rests on Plaintiff's disagreement with the ALJ's evaluation of the opinions, and merely seeks to have the court reweigh the opinions and substitute its judgment for that of the Commissioner. As already noted herein, the court may not do so. Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172. Nevertheless, the court's review of the decision reveals that the ALJ overlooked or ignored certain of the contrary limitations opined by the medical sources at issue, and failed to explain how he handled

those opinions. Therefore, remand is necessary for the Commissioner to weigh the medical source opinions properly.

With regard to Plaintiff's claim that the ALJ simply failed to assign weight to the opinions of certain medical sources, the court notes that Plaintiff points to no limitations assessed by those medical sources which are contrary to the RFC assessed by the ALJ in this case, but argues that the mere failure to state the weight accorded to each opinion is error requiring remand. While a failure to accord weight to every medical opinion is a failure to apply the correct legal standard, remand is unnecessary (the error is harmless) where Plaintiff has shown no prejudice resulting from the error. Keyes-Zachary v. Astrue, 695 F.3d 1156, 1162-63 (10th Cir. 2012). Nevertheless, the court's review reveals that some of the limitations opined by Dr. Robender and Dr. Schulman are materially different than the RFC assessed, and the ALJ's failure to explain how he handled those opinions is prejudicial. Moreover, the court finds that some of the limitations opined by Dr. Sand, Dr. Noland, and Ms. Tolliver are materially different that the limitations assessed, and the ALJ overlooked or ignored those limitations and failed to explain how he handled them, a failure which is also prejudicial to Plaintiff.

As is relevant to the opinions of the medical sources named above, the ALJ found that Plaintiff has no limitations in the functional areas of activities of daily living, or of maintaining social functioning. (R. 26). He found that Plaintiff can walk and stand for four hours and sit for six hours of a workday, but may only sit, stand, or walk for one

hour at a time. (R. 27). Finally, he found that with regard to postural activities Plaintiff is able to balance and stoop occasionally, but may never kneel, crouch, or crawl. Id.

The ALJ stated that his finding of "no limitations" in the four broad mental functional areas "is supported by the opinion of the State agency psychologist contained in Exhibit 9F." (R. 26.) However, Dr. Schulman, the state agency psychologist who reviewed the record and provided the opinion at Exhibit 9F, opined that Plaintiff has "mild" restrictions in activities of daily living and "mild" difficulties in maintaining social functioning. This is a difference which (although likely harmless by itself) could certainly change the decision at issue, and the ALJ's failure to recognize the inconsistency when considered in light of the other errors in evaluating medical source opinions requires remand for proper consideration and explanation.

With regard to postural limitations, the ALJ accorded "little weight" to Dr. Sand's opinion, in part because Dr. Sand's prohibition on stooping is inconsistent with Dr. Sand's opinion that Plaintiff can sit for eight hours each workday. (R. 32). The ALJ gave Dr. Noland's opinion "significant weight," but did not mention that Dr. Noland offered an opinion with respect to each postural activity except stooping, and left blank the space in his medical source statement form for the postural activity of stooping. (R. 32). Moreover, the ALJ did not explain what he found to be the significance of the fact that Dr. Noland skipped "stooping." Therefore, the court is unable to determine whether the ALJ merely overlooked this fact, or ignored it. In light of the fact that Dr. Sand opined that Plaintiff may <u>never</u> stoop, Dr. Noland's apparent refusal to opine regarding Plaintiff's

ability to stoop, is a fact which might be seen as supporting Dr. Sand's opinion, and the ALJ is required by the narrative discussion requirement of SSR 96-8p to clarify this ambiguity.

The ALJ found that Plaintiff can occasionally balance and stoop but never kneel, crouch, or crawl (R. 27), but Dr. Robender opined that Plaintiff can squat only occasionally. (R. 922). Because the ALJ did not even mention Dr. Robender or his opinion, the court is unable to determine the weight accorded that opinion or why the opinion was apparently rejected.

Finally, Dr. Sand opined that Plaintiff can stand for 20 minutes at a time, walk for 10 minutes at a time, and walk and stand for one hour each in a workday. (R. 739). Ms. Tolliver, the physical therapist opined that Plaintiff is able to sit for 30 minutes at a time and stand for 20 minutes at a time (R. 667), and stated that Plaintiff "needs to be able to rest as needed." (R. 669). The ALJ accorded "little weight" to Dr. Sand's opinion but did not even mention Dr. Sand's opinion regarding sitting, standing, or walking. (R. 32). On the other hand, the ALJ accorded "significant weight" to Dr. Noland's opinion, and stated that Dr. Noland's opinion is consistent with Ms. Tolliver's report (R. 32), but he never stated the limitations opined by Ms. Tolliver and did not reconcile the inconsistency between those limitations and either Dr. Noland's opinion or the RFC assessed in the decision.

Because of the ALJ's failure to acknowledge or address the inconsistencies and ambiguities between the medical source opinions, the decision is not sufficiently clear to

11

inform the court of the weight given the medical source opinions or the reasons for that weight.  Therefore, it is unable to determine whether the decision is supported by substantial record evidence.  Remand is necessary for the Commissioner to explain the weight given to each medical source opinion and the reasons for that weight.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated this 13th day of November 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**